1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SCOTT D. JOINER (CABN 223313)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        scott.joiner@usdoj.gov
8

9  Attorneys for United States of America

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,            )   NO. CR 20-MJ-70923 MAG
14                                      )
        Plaintiff,                      )   STIPULATION TO CONTINUE HEARING AND
15                                      )   EXCLUDE TIME; [PROPOSED] ORDER
      v.                                )
16                                      )
   DOUGLAS JAE WOO KIM,                 )
17                                      )
        Defendant.                      )
18                                      )

19

20      The parties first appeared on July 15, 2020. The matter was continued for further status and time

21  was excluded through August 19, 2020, and later September 3, 2020. The defendant also waived the

22  time for preliminary hearing through September 3, 2020.

23      In light of the ongoing pandemic, the parties jointly request that the status hearing set for

24  September 3, 2020 be continued to October 1, 2020. It is further stipulated by and between counsel for

25  the United States and counsel for defendant Douglas Kim, that time be excluded under the Speedy Trial

26  Act from September 3, 2020 through October 1, 2020. Defendant Kim waives the time for a preliminary

27  hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through October 1,

28  2020.

STIPULATION TO CONTINUE AND EXCLUDE TIME; [PROPOSED] ORDER
CR 20-MJ-70923

1     The parties stipulate and agree that an exclusion of time is appropriate given the complexity of
2 the case, which involves numerous transactions in cryptocurrency, the time available for indictment
3 under the circumstances within the time specified by 18 U.S.C. § 3161(b), and for effective preparation.
4 *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*,
5 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the
6 exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial
7 period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir.
8 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as
9 here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty
10 days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

11     The parties further stipulate and agree that the ends of justice served by excluding the time from
12 September 3, 2020 through and including October 1, 2020, from computation under the Speedy Trial
13 Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§
14 3161(h)(7)(A), (B)(ii)-(iv).

15     The undersigned Assistant United States Attorney certifies that he has obtained approval from
16 counsel for the defendant to file this stipulation and proposed order.

17     SO STIPULATED.

18 DATED: September 2, 2020                    /s/
                                                         SCOTT D. JOINER
19                                            Assistant United States Attorney

20

21 DATED: September 2, 2020                    /s/
                                                         DEAN D. PAIK
22                                            Rogers Joseph & O'Donnell
23                                            Counsel for Defendant Douglas Kim

24

25

26

27

28

STIPULATION TO CONTINUE AND EXCLUDE TIME; [PROPOSED] ORDER
CR 20-MJ-70923

**[~~PROPOSED~~] ORDER**

Pursuant to stipulation, the status hearing currently set for September 3, 2020, is HEREBY CONTINUED to October 1, 2020. Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from September 3, 2020, through October 1, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that excluding the time from September 3, 2020 through October 1, 2020, is appropriate in light of the complexity of the case, which the parties represent includes numerous cryptocurrency transactions and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from September 3, 2020 through and including October 1, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 3, 2020 through and including October 1, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time within which to

/ /

/ /

/ /

conduct a preliminary hearing is waived with the consent of the Defendant through October 1, 2020.

IT IS SO ORDERED.

DATED: September 2, 2020

*Virginia K. DeMarchi*
HON. VIRGINIA K. DEMARCHI
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER
CR 20-MJ-70923