```
1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SCOTT D. JOINER (CABN 223313)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        scott.joiner@usdoj.gov
8
9  Attorneys for United States of America
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-MJ-70923 MAG |
| Plaintiff, | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME; [PROPOSED] ORDER |
| v. | |
| DOUGLAS JAE WOO KIM, | |
| Defendant. | |

This matter was previously continued to April 7, 2021 for further status. Time has been also been excluded and the defendant has waived the time for preliminary hearing through April 7, 2021.

Considering the ongoing pandemic and continuing limitations on in person meetings, the parties jointly request that the status hearing set for April 7, 2021 be continued to April 28, 2021. It is further stipulated by and between counsel for the United States and counsel for defendant Douglas Kim, that time be excluded under the Speedy Trial Act from April 7, 2021 through April 28, 2021. Defendant Kim waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through April 28, 2021.

The parties stipulate and agree that an exclusion of time is appropriate given the complexity of

the case, which involves numerous transactions in cryptocurrency, the time available for indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b), and for effective preparation. *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from April 7, 2021 through April 28, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

SO STIPULATED.

DATED: April 5, 2021

/s/
SCOTT D. JOINER
Assistant United States Attorney

DATED: April 5, 2021

/s/
DEAN D. PAIK
Rogers Joseph & O'Donnell
Counsel for Defendant Douglas Kim

**[PROPOSED] ORDER**

Pursuant to stipulation, the status hearing currently set for April 7, 2021 is HEREBY CONTINUED to April 28, 2021. Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from April 7, 2021 through April 28, 2021, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from April 7, 2021 through April 28, 2021, is appropriate in light of the complexity of the case, which the parties represent includes numerous cryptocurrency transactions and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and public health orders, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from April 7, 2021 through April 28, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from April 7, 2021 through April 28, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with

//
//
//
//

[PROPOSED] ORDER
CR 20-MJ-70923

1  the consent of the Defendant through April 28, 2021.

2      IT IS SO ORDERED.

4  DATED: _____

                                                 HON. JACQUELINE SCOTT CORLEY
                                               UNITED STATES MAGISTRATE JUDGE